IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00194-RBJ-NRN

CALVIN JOHNSON,

Plaintiff,

v.

SERGEANT AUCOIN, and
ERIN FERGUSON,

Defendants.

# REPORT AND RECOMMENDATION ON
# DEFENDANT SERGEANT AUCOIN'S MOTION TO DISMISS (DKT. #21)

**N. Reid Neureiter**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #22) issued by Judge R. Brooke Jackson referring Defendant Sergeant Aucoin's Motion to Dismiss. (Dkt. #21.) The Court has carefully considered the motion and Plaintiff Calvin Johnson's Response.[1] (Dkt. #24.) On December 12, 2018, the Court heard argument on the subject motion. (Dkt. #37.) The Court has taken judicial notice of the Court's file, considered the applicable Federal Rules of Civil Procedure and case law, and makes the following recommendation.

---

[1] Mr. Johnson's Response also requests, among other things, that the Court reinstate his "other claims in this lawsuit that were dismissed," and "to combine the active claims from" one of his other lawsuits "to this lawsuit and make them all one lawsuit." (Dkt. #24.) The Court declines to consider any of these additional, improper requests. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

## I. Background

The following allegations are taken from the relevant, non-dismissed portions of Mr. Johnson's Amended Prisoner Complaint. (Dkt. #8.) Mr. Johnson, who is proceeding pro se,[2] is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") at the Sterling Correctional Facility ("SCF") in Sterling, Colorado. Mr. Johnson asserts a single, individual capacity claim against Sergeant Aucoin, a correctional officer at SCF. Mr. Johnson alleges that Sergeant Aucoin violated his Eighth Amendment rights by subjecting him to excessive force "by introducing weaponized-gas into my cell on 12-26-2017 when I was without a weapon and alone against multiple officers and also for introducing weaponized-gas a second time while I was layed [sic] out on the floor unconscious." (Dkt. #8 at 8.)

Sergeant Aucoin has filed a motion to dismiss (Dkt. #21) in which he makes the following arguments: (1) Mr. Johnson's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Sergeant Aucoin is entitled to qualified immunity because Mr. Johnson's amended complaint fails to state an Eighth Amendment excessive force violation, and because Mr. Johnson fails to allege a violation of clearly established law; (3) Mr. Johnson is not entitled to damages under the Prison Litigation Reform Act (PLRA); and

---

[2] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

(4) Mr. Johnson's claim for injunctive relief fails. After setting forth the applicable legal standard, I will address each of these arguments in turn.

## II. Standard

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss claims for "failure to state a claim upon which relief can be granted." The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall,* 935 F.2d at 1109. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

Plausibility, in the context of a motion to dismiss, means the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Asking for plausible grounds," however, "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the asserted claim. *Twombly*, 550 U.S. at 556. But as the *Twombly* court clarified, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of these facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal quotation and citation omitted).

The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. 556 U.S. at 679–81. As the *Iqbal* court stressed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Similarly, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted). Second, the court considers the factual allegations "to determine if they plausibly suggest an

entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

In assessing a motion to dismiss under Rule 12(b)(6), the usual rule is that a court should consider no evidence beyond the pleadings. *See Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1216 (10th Cir. 2007). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1216 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[i]f a document is referenced in and central to a complaint, a court need not convert the motion but may consider that document on a motion to dismiss."). In addition, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

Here, because Mr. Johnson is proceeding pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). But just like any litigant, a pro se plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon

5

which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court also may not assume that a pro se plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). And a plaintiff's pro se status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III. Analysis

Sergeant Aucoin argues Mr. Johnson's excessive force claim against him fails because: it is barred by *Heck*; he is entitled to qualified immunity; and Mr. Johnson is not entitled to damages under the PLRA. Sergeant Aucoin also argues that Mr. Johnson is not entitled to any injunctive relief against him. I agree Mr. Johnson is not entitled to any injunctive relief, and therefore RECOMMEND that this claim be dismissed. However, at this stage of the proceedings, I disagree with Sergeant Aucoin's three arguments concerning dismissal of Mr. Johnson's excessive force claim, and therefore I RECOMMEND that Sergeant Aucoin's motion to dismiss this claim be DENIED.

**A. *Heck v. Humphrey* Does not Apply**

According to Defendants, on December 26, 2017, Mr. Johnson:

> attempted to assault staff who were collecting dinner trays by throwing a cup full of feces and urine upon them. He then covered his cell window and refused to respond to staff. When Sergeant Aucoin and a cell extraction team arrived at the cell later on, and [Mr. Johnson] refused to respond to multiple directives, [Mr. Johnson] threw a container of feces and urine out of the tray slot on his cell

6

door, striking Sergeant Aucoin in the head, face and body. After still refusing to comply with staff directives, gas was deployed to get Plaintiff to comply.

(Dkt. #21 at 5; *see also* Dkt. #21-2.[3])

Based on this incident, criminal assault charges were lodged against Mr. Johnson. (Dkt. #21 at 4.) Mr. Johnson also "was charge[d] with and convicted of several Code of Penal Discipline violations," including "Advocating or Creating a Facility Disruption, Tampering with Locks or Security Devices, and Assaulting Staff with a Hazardous Liquid." (*Id.*; *see also* Dkt. #21-2.) According to Sergeant Aucoin, "[a] judgment in favor of [Mr. Johnson] would necessarily imply the invalidity of th[e] pending [criminal] case"[4] as well as "his Code of Penal Discipline conviction." (*Id.* at 4-5.) I do not agree.

Sergeant Aucoin's argument is premised on the idea that Mr. Johnson's excessive force allegations are part and parcel to Mr. Johnson's alleged misconduct and corresponding punishment, i.e. throwing feces and urine at staff and Sergeant Aucoin and being charged for doing so. Although it is true that a person cannot bring a § 1983 action for damages based on an allegedly invalid conviction or sentence unless the conviction or sentence has been previously invalidated, *Heck*, 512 U.S. at 487, Mr.

---

[3] Dkt. #21-2 is the CDOC notice and disposition of charges against Mr. Johnson. Defendants assert that Mr. Johnson appears to refer to these documents in his complaint, and therefore the Court may rely on them without converting the motion to dismiss in to a motion for summary judgment. (Dkt. #21 at 5 n.2.) The Court agrees.

[4] It is unknown whether the state court criminal case against Mr. Johnson has been resolved, but this is not relevant for purposes of my analysis.

7

Johnson is alleging that Sergeant Aucoin used excessive force against him *after* Mr. Johnson threw feces and urine at him—conduct Mr. Johnson does not deny.

Thus, Sergeant Aucoin's alleged use of excessive force logically could be viewed as an incident separate from Mr. Johnson's alleged assault. In other words, Mr. Johnson can be guilty of assaulting Sergeant Aucoin, while at the same time Sergeant Aucoin may very well have used excessive force against Mr. Johnson by deploying gas not just once, but twice into Mr. Johnson's cell.

As *Heck* made clear,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (emphasis in original). Here, we face the latter scenario. Mr. Johnson is not challenging the conduct for which he was convicted. He is challenging Sergeant Aucoin's actions *following* the alleged assault for which Mr. Johnson was convicted of Penal Code violations. *See*, *e.g.*, *Adams v. Dyer*, 223 F. App'x 757, 763 (10th Cir. 2007) (where alleged excessive force occurred *after* incidents forming the basis of plaintiff's criminal convictions, *Heck* bar did not apply to preclude excessive force claim).

Viewing Mr. Johnson's allegations in the light most favorable to Mr. Johnson, the Court cannot conclude as a matter of law that a judgment in favor of Mr. Johnson would necessarily constitute a collateral attack on his Code of Penal Discipline conviction or

the criminal charges brought against him. *Heck* does not bar Mr. Johnson's excessive force claim.

## B. It is Premature to Grant Sergeant Aucoin Qualified Immunity

Sergeant Aucoin argues he is entitled to qualified immunity because Mr. Johnson's amended complaint fails to state a plausible excessive force claim against him, and because Mr. Johnson fails to allege a violation of clearly established law. At this stage of the proceedings, I disagree.

"Qualified immunity protects officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas v. Kaven*, 765 F.3d 1183, 1195 (10th Cir. 2014) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once the defense is asserted, it is the plaintiff's burden to show not only that the defendant's actions violated a constitutional or statutory right, but also that the right was clearly established at the time of the conduct at issue. *Id.* Concerning the latter element, the "relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his [or her] conduct was unlawful in the situation confronted." *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

However, it is important to bear in mind that because this defense is being evaluated in relation to a Rule 12(b)(6) motion (or based on futility using a Rule 12(b)(6) standard), Sergeant Aucoin is subject "to a more challenging standard of review than would apply on summary judgment." *Id.* (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004)). As a result, it is Sergeant Aucoin's conduct "as alleged in the

complaint that is scrutinized for 'objective legal reasonableness.'" *Id.* (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). Thus, when "addressing the issue [of qualified immunity] at the motion to dismiss and not the summary judgment stage, [a] [p]laintiff is only required to allege a constitutional violation that is plausible on its face." *Torres v. White*, No. 08CV196JHPFHM, 2009 WL 37617, at *2 (N.D. Okla. Jan. 6, 2009).[5]

1. <u>Mr. Johnson has Plausibly Pled a Violation of a Well-Established Eighth Amendment Constitutional Right</u>

"The use of excessive force by jail officials violates a prisoner's rights under the Eighth Amendment's Cruel and Unusual Punishments Clause when the prisoner is subjected to an 'unnecessary and wanton infliction of pain.'" *Miller v. Glanz*, 948 F.2d 1562, 1566 (10th Cir. 1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (constitutional inquiry is directed at whether the prisoner was subjected to an "unnecessary and wanton infliction of pain"). The court's inquiry focuses on whether force was applied in a good faith effort to maintain or restore discipline, or "whether the force applied was excessive under the circumstances, or malicious and sadistic." *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1224 (D. Colo. 2001). *Cf. Marshall v. Milyard*, 415 F.

---

[5] It is not uncommon for courts to defer ruling on qualified immunity until the summary judgment stage. *See, e.g., Harvey v. Gonzalez*, No. 14-cv-02174-RBJ-NYW, 2015 WL 13730685, at *7 (D. Colo. Nov. 24, 2015), *report and recommendation adopted*, No. 14-cv-002174-RBJ-NYW, 2015 WL 9462057 (D. Colo. Dec. 28, 2015) (reasoning that ruling "on Defendant's assertion of qualified immunity . . . is an inquiry better suited for summary judgment once a factual record is developed."); *Torres v. White*, No. 08CV196JHPFHM, 2009 WL 37617, at *3 (N.D. Okla. Jan. 6, 2009) (same); *cf. Maxey by Maxey v. Fulton*, 890 F.2d 279, 281 (10th Cir. 1989) (district court's order denying Rule 12(b)(6) motion to dismiss "did not conclusively and finally deny [defendant]'s entitlement to qualified immunity, but merely deferred that issue pending development of a sufficient factual record.").

App'x. 850, 852 (10th Cir. 2011) (observing that "[a]n action by a prison guard may be malevolent yet not amount to cruel and unusual punishment"); *Pena v. Greffet*, 108 F. Supp. 3d 1030, 1033 (D. N.M. 2015) ("The Eighth Amendment does not require officers to use the minimum force necessary or even reasonably proportional force, but, rather, it requires only that they refrain from 'malicious and sadistic' violence, and that they direct their efforts to achieving a sincere penological end.") (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Court's Eighth Amendment analysis must take into consideration the highly-charged prison environment. *See Sampley v. Ruettgers*, 704 F.2d 491, 496 (10th Cir. 1983) (recognizing that in maintaining control of inmates, a prison guard often is called upon to "make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself").

An excessive force claim involves a two-pronged analysis: "(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials act[ed] with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (internal quotation marks and citation omitted). The objective prong "is contextual and responsive to contemporary standards of decency." *Whitington v. Sokol*, No. 06-cv-01245-PAB-CBS, 2009 WL 2588762, at *8 (D. Colo. Aug. 18, 2009) (quoting *Hudson*, 503 U.S. at 6-7). Although not every malevolent touch by a prison official rises to the level of a constitutional violation, *Hudson*, 503 U.S. at 9 (citation omitted), a plaintiff is not required to sustain either serious or significant injuries to satisfy the objective component of an Eighth Amendment excessive force claim. *See*

*id. See also Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992) (holding that significant physical injury is not required for an Eighth Amendment excessive force claim because the constitutional inquiry is on whether the infliction of pain was unnecessary and wanton). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). Nevertheless, "[t]he extent of injury may also provide some indication of the amount of force applied. *Id.* at 37 (internal citations omitted).

The subjective prong of the excessive force analysis asks whether the defendant had a sufficiently culpable mind. This element focuses "on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Webb v. Sterling Correctional Officer Delaney*, No. 14-cv-1461-RBJ-CBS, 2016 WL 931218, at *3 (D. Colo. Mar. 11, 2016) (citing *Smith*, 339 F.3d at 1212). "Whether pain is wantonly and unnecessarily inflicted depends, at least in part, on whether force could have plausibly been thought to be necessary to maintain order in the institution and to maintain the safety of the prison personnel or inmates." *Whitington*, 2009 WL 2588762, at *8 (quoting *Hickey v. Reeder*, 12 F.3d 754, 758 (8th Cir. 1993)). *See also Serna v. Colo. Dep't of Correction*, 455 F.3d 1146, 1152 (10th Cir. 2006) (noting that the court "can infer malicious, sadistic intent from . . . conduct itself where 'there can be no legitimate purpose' for the officers' conduct"). In deciding whether the use of force was necessary or malicious, a court must consider "the need

for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Stevenson v. Cordova*, No. 14-cv-00649-CBS, 2016 WL 5791243, at *17 (D. Colo. Oct. 4, 2016), *aff'd*, 733 F. App'x 939 (10th Cir. 2018) (citation omitted).

Mr. Johnson alleges that Sergeant Aucoin violated his Eighth Amendment rights by filling his cell with a gas called "oleoresin capsicum,"[6] causing him to be unable to "see or breathe," and to "start[] losing consciousness due to suffocation," and ultimately rendering him unconscious. (Dkt. #8 at 6.) He further alleges that after he was unconscious, "prison staff [specifically, Sergeant Aucoin] . . . sprayed the gas into my cell a second time." (*Id.*) According to Mr. Johnson, the use of gas was excessive, there were less severe alternative measures that prison staff could have taken to subdue him, and that gassing him a second time when he was unconscious reflects the malicious and sadistic nature of such use. (*Id.* at 7.) He asserts he felt "like it was a veiled attempt to murder me." (*Id.*)

Sergeant Aucoin, on the other hand, argues Mr. Johnson has not adequately pled that he "acted maliciously and sadistically for the very purpose of causing harm rather that in a good-faith effort to maintain or restore discipline." (Dkt. #21 at 7.) He claims his "actions were nothing but a good faith effort to maintain and restore order"

---

[6] This gas is known as "O.C." gas in the correctional community, and is the active ingredient in pepper spray.

after Mr. Johnson "assaulted staff and was repeatedly non-compliant with directives." (*Id.*)

Under the facts as alleged by Mr. Johnson, I conclude he has, at this stage of the litigation, plausibly pled that Sergeant Aucoin violated his Eighth Amendment constitutional rights.[7] If, as Mr. Johnson asserts, Sergeant Aucoin saw that Mr. Johnson had passed out in his cell after the first application of gas, there clearly would have been no need to apply a second round of gas, and doing so would be excessive. Based on these alleged facts, which at this stage of the litigation I must assume are true, a jury could infer malice. *See*, *e.g.*, *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) ("Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct . . . the conduct itself constitutes sufficient evidence that force was used "maliciously and sadistically for the very purpose of causing harm."); *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1223 (D. Colo. 2001) (rejecting defendants' argument that plaintiff "failed to allege defendants manifested a malicious or sadistic state of mind during" alleged excessive force incidents, and that plaintiff's allegations of unnecessary force were "sufficient to allow a reasonable jury to infer defendants were acting with malicious and sadistic intent.")

I also conclude this type of constitutional violation is well-established. "A right is clearly established in this circuit 'when a Supreme Court or Tenth Circuit decision is on point, of if the clearly established weight of authority from other courts shows that the

---

[7] On summary judgment, however, Mr. Johnson can no longer rest on the allegations in his amended complaint, and Sergeant Aucoin may present evidence to establish his use of force was reasonable and necessary.

right must be as the plaintiff maintains.'" *Kaven*, 765 F.3d at 1194 (citation omitted). Tenth Circuit decisions recognize that the use of gas or other chemical agents may constitute excessive force in violation of the Eighth Amendment. *See, e.g.*, *Fogarty v. Gallegos*, 523 F.3d 1147, 1161 (10th Cir. 2008) (citing "prior [Tenth Circuit] cases" in which "we have assumed that the use of mace and pepper spray could constitute excessive force,"[8] and concluding police officers were not entitled to qualified immunity at summary judgment stage); *cf Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984) (although "[t]he Supreme Court has never held, nor have we or any other court of appeals . . . that the use of tear gas or a chemical agent is a per se violation of the Eighth Amendment . . . [w]hat we, and other courts have held, is that the appropriateness of the use must be determined by the facts and circumstances of the case. We have held, and now restate that it is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain."). *See generally* 60 Am. Jur. 2d Penal and Correctional Etc. § 137 (2d ed., Nov. 2018 update) ("[I]t is a violation of the Eighth Amendment for prison officials to use such chemicals on

---

[8] *See, e.g., DeSpain v. Uphoff,* 264 F.3d 965, 978 (10th Cir. 2001) ("[P]epper spray . . . implicates the excessive use of force" in the Eighth Amendment context.); *Martinez v. N.M. Dep't of Pub. Safety,* 47 F. App'x. 513, 516–17 (10th Cir. 2002) (unpublished) (holding a reasonable officer would have known that using mace against an arrestee who "posed no threat" and "was no risk of flight" amounted to excessive use of force). *See also Custard v. Balsick*, No. 15-cv-2221-REB-CBS, 2017 WL 131799, at *12 (D. Colo. Jan. 13, 2017) (under objective prong of excessive force claim by asthmatic inmate exposed to gassing of neighboring cell, court "assum[ed] that the use of mace and pepper spray could constitute excessive force," and denied motion to dismiss).

15

an inmate in quantities greater than necessary or for the sole purpose of inflicting pain.").

Based on the above, I RECOMMEND that Sergeant's motion to dismiss based on qualified immunity be denied at this stage of the litigation, pending development of the factual record.

### C. Mr. Johnson May be Entitled to Damages

#### 1. Compensatory Damages

Sergeant Aucoin argues that the Prison Litigation Reform Act ("PLRA") bars Mr. Johnson's claim for compensatory damages. The PLRA states, in pertinent part, that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The PLRA does not, however, define "physical injury." *Id.* "Appeals courts confronting the issue have held that although a de minimis showing of physical injury does not satisfy the PLRA's physical injury requirement, an injury need not be significant to satisfy the statutory requirement." *Clifton v. Eubank*, 418 F. Supp. 2d 1243, 1245 (D. Colo. 2006).

In his Amended Complaint, Mr. Johnson alleges that the gas introduced into his cell "severely" burned his eyes, caused him not to be able to breath, rendered him unconscious (Dkt. #8 at 6), and caused a "lingering skin irritation." (*Id.* at 11). At this stage of the proceedings, further factual development is necessary before deciding whether these alleged physical injuries are merely de minimis and thus do not satisfy the PLRA's physical injury requirement. *See, e.g., Watson v. Edelen*, 76 F. Supp. 3d

1332, 1378–80 (N.D. Fla. 2015) (inmate's allegations that, "as a result of the application of chemical agents . . . he suffered intense pain, vomiting, loss of consciousness, a burning sensation for at least one week, and chemical[] burns to the skin . . . edge[d] his physical injuries over the line of legally insignificant.").

The PLRA also does not bar recovery of nominal damages even where no physical injury is alleged. *See Searles v. Van Bebber*, 251 F.3d 869, 878–79, 880–881 (10th Cir. 2001) (nominal and punitive damages available absent a showing of actual injury). Because the Court finds that Mr. Johnson has stated a claim for relief under the Eighth Amendment, he may be entitled to an award of nominal or punitive damages arising out of this claim.[9]

### 2. Punitive Damages

Punitive damages "may be recovered for constitutional violations without a showing of compensable injury." *Searles*, 251 F.3d at 880. They are, however, "available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Id.* at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

---

[9] Mr. Johnson's request for "nominal damages" in the amount of $100,000 is plainly frivolous: nominal damages "are a mere token, signifying that the plaintiff's rights were technically invaded even though he could not prove any loss or damage." *Griffith v. State of Colo., Div. of Youth Servs.*, 17 F.3d 1323, 1327 (10th Cir. 1994). Mr. Johnson may, however, be entitled to actual nominal damages, so "while the Court cannot "supply additional factual allegations to round out a plaintiff's complaint," *Whitney*, 113 F.3d at 1173–74, if it "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

Sergeant Aucoin argues Mr. Johnson is not entitled to these because his amended "complaint does not contain sufficient allegations to demonstrate the requisite knowledge or callous indifference." (Dkt. #21 at 11.) I disagree. As discussed above, based on Mr. Johnson's allegations, a jury could infer that by applying a second round of gas to Mr. Johnson's cell when Mr. Johnson had already passed out, Sergeant Aucoin acted with malice. And at this stage of the litigation, when no discovery has been conducted, it would be premature for me to rule as a matter of law that Sergeant Aucoin's conduct was not motivated by some evil intent or a reckless indifference to Mr. Johnson's constitutional rights.

As a result, I RECOMMEND that Sergeant Aucoin's motion to dismiss Mr. Johnson's damages claims be DENIED.

### D. Mr. Johnson's Injunctive Relief Claim Fails

Injunctive relief may only be sought against a defendant in his or her official capacity. *Smith v. Plati*, 56 F. Supp. 2d 1195, 1203 (D. Colo. 1999). *See also Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.") (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)). Mr. Johnson's sole surviving claim against Sergeant Aucoin has been brought in his individual capacity. To the extent Mr. Johnson seeks any injunctive relief against Sergeant Aucoin, such claim is improper and, therefore, I RECOMMEND that Sergeant Aucoin's motion to dismiss in this regard be GRANTED. To the extent Mr. Johnson seeks relief against individuals or entities who are not parties to this lawsuit, the Court lacks personal

jurisdiction to order any injunctive relief against them and, as a result, RECOMMENDS that the motion to dismiss be GRANTED in this regard as well.

## IV. RECOMMENDATION

**WHEREFORE**, for the foregoing reasons, it is hereby **RECOMMENDED** that Defendant Sergeant Aucoin's Motion to Dismiss (Dkt. #21) be **DENIED** in part and **GRANTED** in part: **DENIED** as to Mr. Johnson's excessive force claim against Sergeant Aucoin, and **GRANTED** as to any injunctive relief Mr. Johnson seeks against Sergeant Aucoin or other non-parties.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colorado Dep't of Corrections***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

                BY THE COURT

Date: February 20, 2018
      Denver, Colorado

                */s/ N. Reid Neureiter*
                N. Reid Neureiter
                United States Magistrate Judge